# IN THE UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF MISSOURI

| | |
|---|---|
| WASTE CORPORATION OF MISSOURI, LLC, a/k/a WCA OF MISSOURI, LLC (WCA) <br><br> Plaintiff, <br><br> v. <br><br> GOLDEN VALLEY ENVIRONMENTAL, LLC <br> Serve Registered Agent: <br> William Kyle Sisney <br> 20 SW 450th Road <br> Clinton, Missouri 64735 <br><br> Defendant. | Case Number: _____ |

## COMPLAINT

Plaintiff Waste Corporation of Missouri, LLC a/k/a WCA of Missouri, LLC ("WCA") states as follows for its causes of action against Defendant Golden Valley Environmental, LLC ("Golden Valley"):

## PARTIES, JURISDICTION AND VENUE

1. Plaintiff Waste Corporation of Missouri, LLC is a Delaware limited liability company that is qualified to do business in the State of Missouri as WCA of Missouri, LLC. Plaintiff's sole member is WCA Waste Systems, Inc., a Delaware corporation that has its principal place of business in Texas.

2. Defendant Golden Valley Environmental, LLC is a Missouri liability company, and may be served through its registered agent William Kyle Sisney at 20 SW 450th Road, Clinton, Missouri 64735. Upon information and belief (namely its articles of organization filed with the Missouri Secretary of State), none of defendant's members are citizens of either Missouri or Delaware, and instead, all are citizens of Missouri.

SL 2331817.1

3. This Court has subject matter jurisdiction over this case pursuant to 28 U.S.C. § 1332 because plaintiff and defendant are citizens of different states, and the amount in controversy exceeds $75,000. In this case, plaintiff seeks specific performance by defendant of a contract for waste disposal services that has generated approximately $17,000 per month in revenue for plaintiff, and that contract has another year to run.

4. This Court has personal jurisdiction over Golden Valley because it is organized under the laws of the State of Missouri, and WCA provided services to Golden Valley in Missouri.

5. Venue is proper in the Western District of Missouri pursuant to 28 U.S.C. 1391, because defendant operates from Henry County, Missouri, and a substantial part of the events or omissions giving rise to this complaint occurred in the Western District of Missouri.

## FACTUAL BACKGROUND

6. At all times relevant to the allegations in this Petition, WCA furnished waste management services at the Central Missouri Landfill (CML) located in Sedalia, Missouri (the "Disposal Site").

7. On March 28, 2012, WCA and Golden Valley entered into the Solid Waste Disposal Agreement (the "Agreement"). A true and accurate copy of the Agreement is attached as Exhibit A.

8. The Agreement provided that Golden would deliver and WCA would accept all of Golden Valley's waste (as that term was defined in Section 18 of the Agreement) for the duration of the Agreement.

9. Golden Valley also agreed to pay WCA the rate of $21.75 per ton of waste disposed with this rate increasing by 2% on the second anniversary date of the Agreement and continuing to increase at said rate thereafter.

10. The initial term of the Agreement was for five (5) years commencing on April 7, 2012.

11. The Agreement also contained an automatic renewal clause which stated that the Agreement would renew at successive one (1) year intervals, "unless terminated by either party by written notice to the other not more than [365] days, and not less than [90] days, prior to the expiration of the term then in effect."

12. From April 7, 2012 to March 1, 2017, Golden Valley used the Disposal Site to dispose of its waste, WCA accepted said waste, and Golden Valley paid its invoices to WCA as they became due.

13. Golden Valley did not notify WCA that Golden Valley did not intend to renew the Agreement for another year within the 90-day period prior to the expiration of the Agreement on April 7, 2017. Hence, under the terms of the Agreement, it automatically renewed for a one-year period through April 6, 2018.

14. In fact, Golden Valley expressly affirmed to WCA that it wished to renew the Agreement for an additional year, at the same rate it was being charged.

15. On or about March 27, 2017, despite the Agreement automatically renewing for an additional year, Golden Valley notified WCA via phone call that it would no longer be using the Disposal Site to dispose of its waste in breach of the Agreement.

16. Golden Valley has stopped using WCA's Disposal Site to dispose of its waste.

17. Upon information and belief, Golden Valley is now disposing of its waste at another facility.

18. On March 28, 2017, WCA sent a demand letter to Golden Valley, notifying Golden Valley that it was in breach of the Agreement and demanding Golden Valley to immediately begin using the Disposal Site as it was required to do under the Agreement. A true and accurate copy of the demand letter is attached as Exhibit B.

19. Despite being in breach of the clear and definite terms of its Agreement with WCA, Golden Valley continues to refuse to use the Disposal Site.

## COUNT I: BREACH OF CONTRACT

20. WCA incorporates by reference its allegations in paragraphs 1 through 18 of the Petition.

21. As set forth above, WCA and Golden Valley entered into a valid and enforceable contract supported by sufficient consideration.

22. The terms of the Agreement between WCA and Golden Valley were sufficiently definite and clear as to the parties' obligations under the Agreement.

23. Specifically, Golden Valley agreed to dispose of all of its waste with WCA, and WCA would accept said waste for the duration of the Agreement or until the Agreement was terminated by Golden Valley in the manner provided for in Section 3 of the Agreement.

24. Due to Golden Valley's failure to provide WCA with notice that it was terminating the Agreement within the 90-day period prior to April 7, 2017, the Agreement was renewed for an additional year through April 8, 2018.

25. However, Golden Valley has failed to perform its obligations under the Agreement by no longer disposing of all of its waste at WCA's Disposal Site as of March 1, 2017.

26. WCA has performed all of its obligation under the Agreement and is prepared to accept Golden Valley's waste at the rate previously agreed-upon if Golden Valley is ordered by this Court to comply with the Agreement and dispose of its waste at the Disposal Site

27. WCA has been harmed by Golden Valley's breach of the Agreement.

28. Under Section 14 of the Agreement, WCA is entitled to recover its attorney's fees incurred.

WHEREFORE, WCA prays that this Court enter the following relief: (i) preliminary and permanent injunctive relief requiring that Golden Valley deliver all of its waste to WCA's Disposal Site through the expiration of the Agreement, and extending the Agreement to correlate with the period of time that Golden Valley has been in breach of the Agreement; (ii) award WCA its costs and attorney's fees incurred in bringing this action; (iv) award WCA pre- and post-judgment interest at the statutory rate; and (v) such other and further relief as the Court deems just and proper.

Alternatively, if this Court declines to order Golden Valley to comply with the Agreement, WCA asks this Court to enter judgment in its favor and against Golden Valley for an amount in excess of $75,000.00, plus WCA's costs and attorney's fees incurred in bringing this action, pre- and post-judgment interest, and any other relief that the Court deems just.

Respectfully submitted,

SPENCER FANE LLP

By: <u>/s/ W. Joseph Hatley</u>
    W. Joseph Hatley,    MO #33189
    Thomas Hiatt,    MO #68134
    1000 Walnut Street, Suite 1400
    Kansas City, MO 64106
    (816) 474-8100
    (816) 474-3216 (facsimile)
    jhatley@spencerfane.com
    thiatt@spencerfane.com

    ATTORNEYS FOR PLAINTIFF

6

SL 2331817.1

Case 4:17-cv-00340-ODS   Document 1   Filed 05/03/17   Page 6 of 6